DRUM *against* SNYDER and another, administrators
of SELIN.

IN ERROR.

</div>

*Sunbury,*
*Monday,*
July 11th.

THIS case came up from the Common Pleas of *Northum-*  The record
*berland* county by writ of error. The defendants in error  of a judg-
ment by a
on the 23d *July* 1803, obtained a judgment against *Drum* for justice of the
17*l.* 10*s.* with costs, before a justice of the peace; and on the  peace still
remains be-
22d of *August* following filed a *transcript* of that judgment in fore him,
the Common Pleas. They withdrew this transcript on the 30th  and may be
the founda-
*August* 1804, and in *November* of the same year obtained a tion of a
judgment before the same justice in a *scire facias* upon the  scire facias,
after a tran-
original judgment. The proceedings were then removed by script has
*certiorari* to the Common Pleas, where the judgment was  been filed in
the Common
affirmed.                                               Pleas under
The error alleged was this, that the original judgment was  the act of
April 19th
removed from before the magistrate, and became a judgment  1794.
of the Common Pleas by filing the *transcript* in that Court;
of course that there was nothing whereon to found the *scire
facias.*

By the act of *March* 1st 1745, called the Five pound Law,
1 *St. Laws* 304. it is enacted that after judgment given by a
justice of the peace, he shall issue an execution directing the
constable to levy the debt and costs of the defendant's *goods and
chattels,* and for want of sufficient distress to take and imprison

DRUM

v.

SNYDER.

his *body;* but in case no assets can be found sufficient to pay debt and costs, it provides that the justice shall give a transcript of his judgment to the plaintiff, who upon filing the same in the Common Pleas, may proceed to levy the debt and costs on the *lands* and tenements of the defendant by *fieri facias* &c. in like manner as by law is provided in other cases. *Sec.* 3. This provision continued to govern upon the subject of transcripts, after the jurisdiction of justices was extended by the act of 5th *April* 1785, to ten pounds; but by the act of 19th *April* 1794, called the Twenty pound Law, 3 *St. Laws* 536. which incorporates all the regulations of the law of 1745, and applies them to the increased jurisdiction of the magistrate, it is enacted that the justice before whom judgment is obtained, shall upon request make out and deliver a transcript of such judgment under his hand and seal; and upon such transcript being filed in the prothonotary's office, it shall have the *same effect as judgments obtained in* the Courts of Common Pleas. *Sec.* 3.

*D. Smith* and *Hall* for the plaintiff in error, argued that by the filing of the transcript in the Common Pleas the jurisdiction of that court attached, from which moment the authority of the justice in the particular suit was at an end; that as the Twenty pound Law gives to the transcript *the same effect* as a judgment in the Common Pleas, it makes it to all intents a judgment of that court to be enforced by its ordinary process of execution; and that therefore no judgment could remain before the justice, otherwise there would be two judgments against the defendant, under both of which he would be liable to execution.

*Evans* for the defendants in error replied, that the only design of the transcript under the Twenty pound Law, was to create a lien upon the defendant's lands. That the provision of the law of 1745 was defective, inasmuch as it did not make the transcript a lien, nor permit it to be filed until execution had gone against the defendant's goods, and they were found insufficient; which evil the third section of the law of 1794 merely remedied, by authorizing a transcript to be filed at any time after judgment, and by making it a lien in the same manner as judgments of the Common Pleas; but that the defendant's body still continued exempt from execution after the transcript was filed, if

he had goods, no part of the law of 1745 as to execution being repealed by the law of 1794; whereas if the transcript became a judgment of the Common Pleas, execution might have gone, until a recent law, against body, lands, or goods, in the order the plaintiff should elect. The judgment remaining before the justice for the purpose of execution, it was of course a good ground for the *scire facias.*

The opinion of the Court was delivered by

TILGHMAN C. J. The case turns upon the act of 19th *April* 1794, commonly called the Twenty pound Act. By this act the jurisdiction vested in the justices of the peace by the act of 1st *March* 1745 was extended to debts not exceeding twenty pounds, under the same regulations, restrictions, and exceptions, as are contained in that act " in the same manner as if the said act had " been recapitulated and reenacted," other than the limitation to debts not exceeding five pounds. It becomes necessary therefore to refer to the provisions of the act of 1745. It gave a stay of execution of three months to freeholders, and also to persons not freeholders, provided they entered bail in the manner prescribed by the act. It gave an appeal to the Court of Common Pleas. The execution to be issued by the justice was to be levied on the defendant's goods if he had any, before his body could be taken; and in case there were no goods to be found, the plaintiff might file a transcript in the Court of Common Pleas, from whence an execution might issue to levy the debt on the defendant's lands. But by the third section of the act of 19th *April* 1794, the plaintiff might file a transcript of the judgment in the Court of Common Pleas *at any time;* and such transcript when filed was to have " the same effect" as a judgment in the Court of Common Pleas.

The plaintiff in error contends, that by the filing of the transcript the record was completely removed from the justice, so as to oust him of all his jurisdiction; and that the judgment is to be considered to all intents and purposes as a judgment of the Common Pleas. It appears to us that this was not the intent of the law. The act of 1745 had sufficiently provided for the issuing an execution from the Common Pleas to levy on lands; but it was defective in not permitting the plaintiff to obtain a lien on the lands of the defendant by filing the transcript, until after he had proceeded against the goods; and there might perhaps be a doubt

1808.

DRUM
*v.*
SNYDER.

whether it created a lien at all, or whether it ranked as a judgment of the Common Pleas when considered as a debt due from a deceased person whose assets were insufficient to pay his debts. To remove all difficulty in these respects, it was thought proper to introduce the clause in the act of 1794, which authorizes the plaintiff to file the transcript *immediately*, and gives it when filed the same effect as a judgment in the Common Pleas. But it was not meant to take away from the defendant the protection against imprisonment while he had goods, which is given him by the act of 1745; and which would be the case if it is to be considered simply as a judgment of the Common Pleas. This would be construing the law so as to defeat one part of it by another, which is never to be done if it can be avoided. The record for some purposes remains before the justice after the transcript filed in the Common Pleas. An appeal may be made, or the record removed by *certiorari*, in both which cases it is supposed to remain before the justice; so proceedings may be had against the special bail. There is no inconsistency in supposing the record to remain before the justice, while at the same time a transcript exists in the Common Pleas, having the effect of a judgment there, on which execution may be issued in case the debt is not levied by an execution from the justice. This mode of construction makes a consistent system, and is injurious to neither party. The Court is therefore of opinion that there was no irregularity in the proceedings before the justice, and that the judgment of the Court of Common Pleas be affirmed.

<div align="right">Judgment affirmed.</div>