Per Curiam.

These transcripts were filed by virtue of the act of the 19th of April, 1794, and the plaintiff had a right to have them filed, without the permission of the Court of Common Pleas. When filed, they had the effect of judgments, so far as was neces-cessary for obtaining a lien on the real estate of the defendant, and issuing an execution under certain circumstances. But the record of the judgments,still remained with the justice, who might, in the first instance, issue executions on them. It was so decided by this court, in Drum v. Snyder, &c. Administrators of Selin, 1 Binn. 381. The defendant might have appealed, and carried the causes to the Court of Common Pleas, or they might have been removed to that court by a certiorari, after the filing of the transcripts; but the judges of the Common Pleas could take no cognizance of the judgments, for the purpose of reversing them, unless brought before them by appeal or certiorari. We cannot conceive, therefore, by what authority they could order these transcripts to be struck off the docket, which was, to several purposes, depriving the plaintiff of the benefit of the judgments. It is the opinion of this court, that no such authority existed; and therefore the order for striking off the transcripts, with costs to be paid by the plaintiff, must be reversed; and the records remitted, with a direction to reinstate them.
Order reversed, and records remitted, with directions to reinstate the judgments.