*FRY, J.
I must dissent from the judgment of the court in this case. Admitting that the circuit court on the authority of Page’s case, ought to have quashed the counts which charged offences for which the prisoner had not been examined in the county court (which one of the judges thinks the circuit court was not bound to do, because the prisoner did not point his exception to those counts), I am yet of opinion, that there is no error in the judgment of which 1he prisoner can complain. He is indicted in four counts for forging a paper, and in three others for uttering the same paper. Before pleading, he moved to quash the indictment, and each count thereof, because they were variant and different from the offence for which he had been examined. And it appeared, by the production of the record, that he had been committed and examined for forging the paper, but not for uttering it. His motion was overruled, and he pleaded not guilty. Whereupon he was tried, and the jury find him “guilty of the charges as in the indictment against him is alleged, &c.”
*744 Each count is regarded as a separate indictment, and is supposed to present a distinct offence. 1 Chitt. Cr. Law 249, Linkous’s case, 9 Leigh 612. It is a rule of the common law, that if any count be good, and the prisoner be convicted generally, or upon the whole, judgment shall be entered upon the count that is good, notwithstanding the other counts are bad. 1 Chitt. Cr. Law 249. If two or more distinct offences are charged in an indictment by separate counts, the prisoner can neither demur nor move in arrest of judgment: his only mode of objecting to them is “by an application to the court to quash the indictment before plea, or to compel the prosecutor to elect which charge he will try in a subsequent stage of the proceedings. But the court will only listen to such request, when they see that the charges are actually distinct, and may confound the prisoner, or distract the attention of the jury.” Ibid. *In Harman v. The commonwealth, 12 Serg. & Rawle 72, Tilghman, C. X, said — “It may be proper to remark, that where two offences are charged in separate counts, if the defendant can make it appear, that this mode of proceeding will subject him to unreasonable difficulty or embarrassment on the trial, the court have it in their power to protect .him, by quashing the indictment, or compelling the prosecutor to elect on which count he will proceed, and discharge the defendant from the other.” In The People v. Rynders, 12 Wend. 429, we have the case of a prosecution for forgery, with some counts for uttering the forged paper, and others for the forging it. A motion was made to compel the prosecutor to elect for which offence, and upon which class of counts, he would proceed to try the prisoner. The motion was denied ; and the court said : “That there would be an incongruity in incorporating in the same indictment, offences of a different character, such for instance as forgery arid perjury, cannot be denied, and that in such case, a court would refuse to hear a trial upon both, there can be no doubt; but when offences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried on both charges at the same time. Such is this case. The prisoner was indicted for forging the check, and also for publishing it as true, knowing it to be false. These are different offences, and punished with different degrees of severity, but were properly united, both in the indictment and trial. The prisoner might be convicted of one, and not of the other.” See also The People v. Gates, 13 Wend. 311.
Let us apply these principles and authorities to the case before us. Admit the court ought to have quashed three counts of the indictment, and to have sustained four, and that the prisoner has been tried upon the whole seven; what is the legal effect of the verdict of the jury? Simply this, and no more: We find the *prisoner guilty of the felonies charged upon him, in the 1st, 2nd, 3rd, 4th, 5th, 6th and 7th counts of the indictment, in manner and form as therein alleged against him &c'. Nay, this is, substantially, the very words of the finding: he is guilty of the charges alleged against him in the indictment : and the indictment consists of all its counts; the whole comprehends every part. Here is a verdict, then, upon the seven counts of the indictment, expressly finding the prisoner guilty upon each count, of the crime in each count alleged, in manner and form as laid. Say, that on three counts the finding should be set aside, and the counts quashed; why should the finding on the other four be disturbed ? They are complete ; the prisoner was triable upon them ; there is a verdict on each, and judgment. If the verdict on three counts be in vain, why should this make it void as to the other four? Let us consider that as done, which ought to have been done, and the three counts quashed, and the prisoner as. to them acquitted or discharged; yet there are the other four counts, and verdict upon each. Do they not support the finding and judgment ? And wherein does the case differ from any other case, in which there has been a finding on all the counts, yet there are some which the court ought to have quashed, or on which they ought to arrest the judgment ? Por myself, I do not perceive the difference.
It is said the verdict is general, and the jury may have found only on the faulty counts. The answer is, that this is against the record; against the legal effect of the finding, as before mentioned, which applies to all the counts; against the very words of the finding.
But it is said, if the finding was for the forgery as well as for the uttering, the jury have punished but one only. This is true. Yet it is no error of which the prisoner can complain. It is for his benefit. He might as well allege, that he has not been punished seven * times, once on each count, —as that he is not twice punished, once for the forgery, and once for the uttering. If prisoners may obtain new trials, where there are several counts, and general verdicts, or verdicts upon all, and but one offence punished, I apprehend half the prisoners in the penitentiary might obtain them.
If it be said, there being but one crime punished, it is proof that the jury did not find on all the counts, I answer, as before, that this is against the finding itself ; and is, besides, no necessary consequence. The jury may find a prisoner guilty on all the counts, yet find imprisonment on but one : and this is every day’s practice where there are more counts than one, and general verdicts. Looking at the record only (apart from any thing extrinsic), there were seven several offences (for each count, we have seen, presents a distinct offence) and though the verdict and judgment inflict imprisonment for one only, this is for the benefit of the prisoner; if error, it is error only against the commonwealth.
Then, as to the argument, that the prisoner may have been prejudiced on his trial upon the four property counts, by evidence being offered under the three which ought to have been quashed, and that this prejudice may have been twofold, first embarrassment in his defence from evidence of two crimes instead of one, and next, increase of the term of his imprisonment for the one for which he is punished. As to the first, I think it sufficient to say, that the prisoner did not address his motion to the court on any such ground. He moved to quash be *745 cause the indictment varied from the offence for which he had been examined in the county court. And we have seen that he must call the attention of the court to the subject, and satisfy it that he will be prejudiced on his trial; and that the court will exercise a sound discretion, and quash only where such prejudice will arise. But the case of The People v. Rynders shews that if the attention of the court had been called to the *subject of prejudice on the trial, it would not have granted the motion on that ground. And in support of this case, and to shew that the prisoner could not be surprised or prejudiced by evidence of his uttering the paper with knowledge of its being counterfeit, I may here remark, that evidence of such uttering would be proper on the trial for forgery. It would prove the in-, tent with which the paper was forged. Por if he had forged and never uttered, or offered to use it, it might be difficult to establish that he had made the false paper malo animo. At all events, such evidence would be proper to shew the mind or intent in the forgery.
To pursue the subject of prejudice on the trial, further: Such prejudice would arise in every case, where the prisoner was indicted, in the same indictment, for more than one offence, and for all of which he had been properly examined. As, for example, where he is indicted for passing two bank notes to the same person at different times. If the prisoner for any cause (suppose for defects in the counts, or irregularity in the finding by the grand jury) should move to quash them, and afterwards plead, and 'be 'convicted : would (not the court who tried him, and who knew the evidence, and the incidents of the trial, but) the appellate court, of its own mere motion, take up the subject with a view to its possible prejudice to the. prisoner on the trial, and award him a new trial upon that ground ? I apprehend not, and that there is no precedent of' any such case.
In point of fact, the appellate court cannot know that the prisoner was prejudiced or embarrassed. It cannot know what the evidence was, as it is not in the record. And in truth the prisoner never presented the subject to the court, in any way.
Suppose, on this head of embarrassment or prejudice at the trial, the jury had acquitted the prisoner on the three counts objected to, and convicted him on the other four : would this court be prepared to grant a new *trial ? If not, I humbly think it is conclusive to shew they •should not in the present case. Por it is obvious, his embarrassment or prejudice may have been the same, whether acquitted or convicted on the three counts; since, though acquitted, he was tried upon them improperly, and much evidence may have been given in support of them, and much contest had about it before the jury. Yet, I feel assured, the court in such case would not grant a new trial.
Nor do I think they ought to grant it, because the imprisonment may have been enhanced for one crime, from evidence having gone to the jury of others. To assume this, would be to say there could be no trial of a prisoner on an indictment which charged more than one offence. If convicted of more than one, the evidence of double guilt offered to the jury may have served to corroborate each charge, to contribute to the conviction for each, and to enhance the punishment of each ; and, if acquitted of one charge, and found guilty of another, it may be said, the evidence, though shbrt of proof of legal guilt on one, may have shewn circumstances of suspicion, or of moral delinquency, which served to fix the other charge, or increase its punishment. I do not think any such ground for a new trial was ever sustained. Trials may be, and often are, had on the same indictment for more than one charge ; — and this, too, where the party has been acquitted of some and found guilty of other charges, or judgment arrested on some counts and given upon others : yet I never heard it objected before, that the evidence of one charge might have sustained another, or aggravated its punishment, and that therefore the party was entitled to a new trial.
If it be said, the jury have punished for more than one offense, because they have exceeded the minimum, I answer, this is against their finding : for, if they had punished for two offences, they must have found four *years of imprisonment, since the minimum for all the offences charged is two years. If they had found two years only, it seems it would have been considered sufficient, as precisely equivalent to the finding of guilty, at the common law, where the court adjudged the punishment. But the finding of three years stands upon the same footing, with that of two; fpr the. latter would be good only because it is a finding, necessarily, on one count; and the finding of three years can be no more, unless upon the idea that the evidence under the counts excepted to, added one year to the punishment given for. his guilt upon the others ; which I have attempted to combat. It is true, that if the imprisonment had been for four years or more, the reasoning, of the court in this cas.e might apply.; though I believe, that when the jury convict, in point of fact, for two or more offences, they attach a specific punishment t,o each, and judgment for consecutive imprisonment follows.
In conclusion, I have .to say, that I sat in Page’s case, and that I think, its doctrine ought not to be extended. Neither the counsel, nor the court, I am sure, thought the prisoner would have been entitled to a new trial, if the verdict had found him guilty of the uttering. The question was, whether the verdict responded at all to the counts for uttering, as it found him guilty only of the forgery: had it found him guilty of the uttering' also, it was supposed no question could have been raised'upon it.*

Note by Fry, J. — When this case was decided, I had not seen Kirk’s case, 9 Leigh 637, nor was it adverted to in the discussion of the present case. It may be referred to, I think, as strongly supporting the views I have taken in this opinion. — Note in Original Edition.